**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| KENROY-KEVON POWELL,<br><br>Plaintiff,<br><br>v.<br><br>SMYRNA POLICE DEPARTMENT, et al,<br><br>Defendants. | Civil Action No.<br>1:24-cv-01921-VMC |
| KENROY-KEVON POWELL,<br><br>Plaintiff,<br><br>v.<br><br>G. GRANT BRANTLEY, et al.,<br><br>Defendants. | Civil Action No.<br>1:24-cv-01926-VMC |
| KENROY-KEVON POWELL,<br><br>Plaintiff,<br><br>v.<br><br>GEORGIA DEPARTMENT OF HUMAN SERVICES, et al.,<br><br>Defendants. | Civil Action No.<br>1:24-cv-01928-VMC |

**ORDER**

Because these cases were filed *in forma pauperis*, they are before the Court on

a review of the Complaint before service on Defendants under 28 U.S.C. § 1915.[1]

## Background

In case No. 1:24-cv-01921-VMC, *Powell v. Smyrna Police Department et al.*, Plaintiff Kenroy-Kevon Powell appears to complain about a September 16, 2023 interaction with Smyrna Police Department ("SPD") Officers that led to his jailing. Mr. Powell alleges that his wife called the SPD to file a non-emergency report on their neighbors, which led to an extended encounter. (No. 1:24-cv-01921-VMC, Doc. 3 at 14). After the encounter, Mr. Powell alleges he was followed by the officers in his car, pulled over while driving for allegedly failing to stop at a stop sign, and cited for this alleged failure as well as for driving while unlicensed. (No. 1:24-cv-01921-VMC, Doc. 3 at 8–9, 14–15). Mr. Powell refused to sign the citations and was taken to jail for three days. (*Id.*). Mr. Powell names as defendants the Smyrna Police Department, the Smyrna Jail, and officers T.S. Cooper and M.O. Hudson.

---

[1] Where a plaintiff seeks a filing fee waiver, the Court must review the affidavit of poverty and the complaint, and must dismiss the case where:

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal—
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

2

In case No. 1:24-cv-01926-VMC, *Powell v. Brantley et al.*, it appears Mr. Powell challenges a criminal contempt order issued by Judge Brantley of the Cobb County Superior Court in a child support proceeding. (No. 1:24-cv-01926-VMC, Doc. 3-1 at 6–8). After Mr. Powell allegedly refused to answer certain basic questions about his identity at the hearing, Judge Brantley held him in contempt and sentenced him to serve 24 hours in custody. (*Id.*). Mr. Powell names as defendants Judge Brantley, Assistant District Attorney ("A.D.A.") Amelia G. Pray, Clerk of Court Connie [Taylor], and the Division of Child Support Services State of Georgia.

Lastly, in No. 1:24-cv-01928-VMC, *Powell v. Georgia Department of Human Services et al*, it appears that Mr. Powell is seeking to remove to federal court an appeal of Judge Brantley's contempt order. (No. 1:24-cv-01928-VMC, Doc. 3-1). Mr. Powell names as defendants A.D.A. Pray, Judge Brantley, the Division of Child Support Services, and the Georgia Department of Human Services.

## Legal Standard

28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss a case if it determines that an action or appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"A claim is frivolous 'where it lacks an arguable basis either in law or fact.'" *Nezbeda v. Liberty Mut. Ins. Corp. (LIC)*, 306 F. Supp. 3d 1335, 1338 (N.D. Ga. 2017),

*aff'd sub nom. Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180 (11th Cir. 2019) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A plaintiff does not state a claim under § 1915(e)(2)(B)(ii) when the facts as pleaded do not state a claim for relief that is plausible on its face. *Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

As Plaintiff is pro se, the Court has an obligation to construe Plaintiff's pleadings liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, this liberal construction does not allow the Court to act as de facto counsel or rewrite otherwise deficient pleadings for a pro se litigant. *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998).

## Discussion

All three of Mr. Powell's complaints bear several hallmarks of "sovereign citizen" pleadings, such as random citations to the Uniform Commercial Code, references to an "estate" named in all capital letters, fingerprints, and assertions that Mr. Powell is a "Jamaican Non-Citizen /Private Resident of the Georgia republic." As the Eleventh Circuit has explained, "[s]uch claims have no arguable legal basis and are patently frivolous." *See Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (citing *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person

4

is not beyond the jurisdiction of the courts.")). Courts routinely dismiss these types of claims under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous, and the Court will dismiss all three of Mr. Powell's complaints on this ground, and also because they are indecipherable "shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018). ("Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."). This Court "has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Id.* at 1295 (citing *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015).

Moreover, each case individually is subject to dismissal for the reasons that follow.

## I.   1:24-cv-01921-VMC, *Powell v. Smyrna Police Department et al.*

Mr. Powell's first case alleges that the SPD and its officers violated his civil rights by arresting and jailing him in September of 2023. As an initial matter, the Eleventh Circuit has held that under Georgia law, "police departments are not usually considered legal entities subject to suit. . . ." *Lovelace v. Dekalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (quoting *Dean v. Barber*, 951 F.2d 1210, 1214

(11th Cir. 1992) and collecting cases under Georgia law). Jails also have "no independent legal identity" and therefore are not "subject to suit under § 1983." *Williams v. Chatham Cnty. Sheriff's Complex*, No. CV407-068, 2007 WL 2345243, at *1 (S.D. Ga. Aug. 14, 2007) (collecting cases). Thus, Mr. Powell's claims against the SPD and Smyrna Jail are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

As for the officers, to the extent that Mr. Powell asserts that his arrest was wrongful, "[a]n arrest does not violate the Fourth Amendment if a police officer has probable cause for the arrest." *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003) (citing *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). Regardless of the circumstances that led to the traffic stop, the officer defendants "had actual probable cause to arrest [Mr. Powell] for refusing to sign the . . . citation[s]." *Id.* at 880. Under Georgia law, "[i]f [a] person refuses to sign [a] citation, it shall constitute reasonable cause to believe that the person will not appear at trial and the officer may bring the person before a judicial officer or traffic violations bureau to post a bond as is otherwise provided by law." O.C.G.A. § 40-13-2.1. Accordingly, Mr. Powell's false arrest claim against the officer defendants is

6

subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.[2]

## II.     No. 1:24-cv-01926-VMC, Powell v. Brantley et al.

Mr. Powell's next case appears to challenge his detention under a criminal contempt order issued by Judge Brantley. It is unclear what relief he seeks. To the extent he seeks to vacate Judge Brantley's order, such relief is barred by the *Rooker–Feldman* doctrine. "The *Rooker-Feldman* doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018).

To the extent Mr. Powell seeks damages against Judge Brantley, "[j]udicial and quasi-judicial officers . . . enjoy absolute immunity. *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420–21 (1976)). "Likewise, prosecutors enjoy absolute immunity for the initiation and pursuit of criminal prosecution," so his claims against A.D.A. Pray are also barred to the extent that Mr. Powell alleges she played a role in his arrest for criminal contempt. *Id.* (citing *Imbler*, 424 U.S. at 431). So too for Clerk of Court Connie Taylor: "Court clerks 'have absolute immunity from actions for damages arising from acts they

---

[2] Mr. Powell's complaint briefly references "unreasonable and excessive use of force," but does not explain what force was used to arrest him or how it was excessive.

are specifically required to do under court order or at a judge's direction . . . .'"

*Hyland v. Kolhage*, 267 F. App'x 836, 842 (11th Cir. 2008) (quoting *Tarter v. Hury*,

646 F.2d 1010, 1013 (5th Cir. 1981)).

Mr. Powell also names the Division of Child Support Services ("DCSS") of

the State of Georgia as a defendant. (No. 1:24-cv-01926-VMC, Doc. 3). However,

any claims against DCSS are barred by Eleventh Amendment immunity:

> The Eleventh Amendment bars federal lawsuits against a state and its agencies or departments unless the state has waived its sovereign immunity or Congress has abrogated that immunity. *See, e.g., Schopler v. Bliss*, 903 F.2d 1373, 1378–79 (11th Cir.1990). It is undisputed that DCSS is an agency of the State of Georgia, and there is no indication that Georgia has waived its sovereign immunity in federal court.

*Watson v. Div. of Child Support Servs.*, 560 F. App'x 911, 913 (11th Cir. 2014) (quoting

*Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)).

As such, all of Mr. Powell's claims in this case are subject to dismissal under

28 U.S.C. § 1915(e)(2)(B)(iii) because they seek monetary relief against defendants

who are immune from such relief.

### III.    No. 1:24-cv-01926-VMC, Powell v. Georgia Department of Human Services et al.

As noted above, this final case appears to be an attempt to remove Mr.

Powell's appeal of the contempt order, *Kenroy Kevon Powell v. Georgia Department*

*of Human Services, Ex. Rel., Ayiesha Burton*, No. A24A0756 (Ga. Ct. App.) to this

Court. (No. 1:24-cv-01926-VMC, Doc. 3 at 6, Doc. 3-1). Putting aside issues of whether that is even possible, the Court lacks subject matter jurisdiction over the underlying case.

An action is removable if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441. Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

"The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152 (1908)). A federal constitutional defense to a state law claim does not invoke the Court's federal question jurisdiction: "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (quoting *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). The underlying case is an action for registration for enforcement of a child support order under state law, and thus does not raise a federal question. (*See* No. 1:24-cv-01926-VMC, Doc. 3-1 at 38).

9

Moreover, the Court lacks diversity jurisdiction over the case, because all parties to the case are Georgia citizens. (No. 1:24-cv-01928-VMC, Doc. 3 at 1–2). As such the Court will dismiss this case as well.

## Conclusion

For the above reasons, these cases are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED** this 6th day of August, 2024.

Victoria Marie Calvert
United States District Judge